**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-20776
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ROBERT WAYNE CAMERON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-94-CR-274-1)
_____

July 22, 1996

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]


I.

Pursuant to a plea agreement, Robert Cameron pleaded guilty to one count of a three-count superseding information stating the following:

> On October 25, 1994, Federal and local officers executed a Search Warrant at the defendant's home[.] . . . An ATF officer went into defendant's apartment and approached the defendant in defendant's bedroom and disarmed the defendant. Defendant had in his possession, more specifically, behind his

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

back, a Norinco, 9mm pistol, loaded with seven rounds.

>     After being advised of his constitutional rights, the defendant verbally waived those rights and claimed the Norinco and 2 other 9mm Linda model pistols as his own. These two Linda model pistols were found in the defendant's bedroom closet along with two more firearms, an FIE Model "Tex," .22 caliber revolver, fully loaded with six rounds and a Glenfield, Model 60, .22 caliber rifle. Also found in the same closet was approximately four pounds of Marihuana and ten Valium tablets. In and around the above-mentioned articles were miscellaneous boxes of ammunition, boxes of plastic baggies, a detecto scale, a box of baking soda, and a drug smoking device known as a "bong." The defendant stated to the officers that he was selling drugs to pay bills. The defendant also stated that the guns were his.

The prosecutor recited an identical version of the factual basis at Cameron's plea hearing.

In the presentence report ("PSR"), the probation officer indicated that, during his arrest, "Cameron was alleged to have reached behind his back for a pistol in a threatening manner." The probation officer indicated that "Cameron denied hiding the weapon or reaching for the gun in a threatening manner." There were no objections to the factual findings in the PSR; the district court adopted those findings.

At Cameron's pre-plea detention hearing, the magistrate judge found that "Mr. Cameron resisted arrest by attempting to draw on officers from the small of his back, a Norinco automatic pistol loaded with seven rounds of ammunition in the clip[.]" At Cameron's sentencing hearing, the prosecutor referred to the magistrate judge's finding when arguing for a relatively stiff sentence. Cameron's attorney stated that he was not prepared to argue the facts at sentencing but added, "There was a dispute

2

between Mr. Cameron's impression of what happened on the day of his arrest and the ATF agent's impression of what occurred on the day of his arrest."

## II.

Cameron contends that his guilty plea lacked a factual basis in light of *Bailey v. United States*, 116 S. Ct. 501 (1995), which was decided after he entered his plea. The government confesses error and concedes that it was not harmless. The government also asks this court to allow it to reinstate the counts that were dismissed in conjunction with Cameron's plea agreement.

A district court must satisfy itself that there is a factual basis for a guilty plea. *United States v. Adams*, 961 F.2d 505, 508 (5th Cir. 1992). Use of a firearm does not encompass possession of a firearm or placement of it nearby for future active use. *Bailey*, 116 S. Ct. at 508-09. *See United States v. Garcia*, No. 95-20170, 1996 WL 316490, at *7 (5th Cir. June 12, 1996). *Bailey* applies to cases pending on direct appeal when it was decided. *United States v. Andrade*, 83 F.3d 729, 730 n.1 (5th Cir. 1996) (per curiam).

The factual basis stipulated in the plea agreement and recited at the plea hearing is inadequate to satisfy the use requirement of *Bailey*. Cameron had a firearm behind his back; the factual basis does not indicate that he brandished, displayed, bartered, fired, or attempted to fire the weapon or struck anybody with it or used it for barter. *See Bailey*, 116 S. Ct. at 508. The mere presence of the firearm, even if close enough for easy access by Cameron,

does not constitute "use." *Id.*

It is not evidence, on the record now before us, whether the firearm was on Cameron's person or was actually behind him. If the firearm was in the small of his back, as the magistrate judge indicated, he could be convicted of carrying a firearm during a drug-trafficking offense. *See United States v. Fike*, 82 F.3d 1315, 1328 (5th Cir. 1996).

The lack of a factual basis to support a guilty plea may constitute harmless error. *Adams*, 961 F.2d at 512. We may rely on a PSR to determine that a district court's error regarding the lack of a factual basis is harmless. *Id.* at 512-13.

In Cameron's case, the PSR indicated that it was alleged that he attempted to pull the weapon from behind his back, not that he actually did so. Cameron disputed that allegation. At the sentencing hearing, he again disputed the prosecutor's allegation and magistrate judge's finding at the detention hearing that he had attempted to pull the weapon from behind his back.

The district court made no finding regarding this. Because the PSR stated the episode in terms of an allegation and not as fact, Cameron disputed it, and the district court made no factual finding, we do not rely on the PSR to determine that the *Bailey* error regarding use of a firearm was harmless.

Additionally, the evidence on which the magistrate judge relied to find that Cameron actually attempted to pull the weapon is not included in the record. Accordingly, we will not rely on the magistrate judge's finding to hold that the *Bailey* error

4

regarding use of a firearm was harmless.

Because there was an inadequate factual basis to support a guilty plea of using a firearm, because the lack of a factual basis does not constitute plain error, and because it is uncertain whether there might be a factual basis to support a guilty plea of carrying a firearm, we vacate Cameron's conviction and remand for further consideration in light of *Bailey* and *Fike*.

Finally, we need not determine now whether the government may reinstate the counts of the indictment that were dismissed in conjunction with Cameron's plea. That issue is not ripe for review. *See Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir.), *cert. denied*, 115 S. Ct. 189 (1994).

VACATED and REMANDED.